James E. CAMPBELL, Plaintiff–
Appellant, Cross–Appellee,

Highlands Insurance Company,
a corporation, Intervenor,

v.

CUTLER HAMMER, INC,; Champion
Paper Company, Defendants,

Eaton Corporation, Defendant–
Appellee, Cross–Appellant,

Champion International Corporation,
Defendant.

No. 92–6696.

United States Court of Appeals,
Eleventh Circuit.

Nov. 1, 1994.

Gary L. Aldridge, Kevin J. Hawkins, Aldridge & Hawkins, Birmingham, AL, and Jack Drake, Tuscaloosa, AL, for appellant.

R. Benjamine Reid and Wendy F. Lumish, Miami, FL, for appellee.

Before HATCHETT, Circuit Judge, RONEY, Senior Circuit Judge, and ATKINS *, Senior District Judge.

PER CURIAM:

In this diversity jurisdiction case under the Alabama Extended Manufacturer's Liability Doctrine (AEMLD), we certified a question concerning the state law of contributory negligence to the Supreme Court of Alabama.

Plaintiff James E. Campbell was seriously injured while tightening the door to a starter in a motor control center, a piece of equipment that receives electricity from outside and serves as a power source for the plant where Campbell worked. Campbell received a jury verdict for $600,000 against Eaton Corporation, which manufactured the equipment. The jury had specifically found two things: first, the motor control unit was a proximate cause of the accident, being unreasonably dangerous for its expected uses, a basis for recovery under the manufacturer's liability doctrine, and two: plaintiff's failure to use reasonable care to avoid injury was a contributing proximate cause of the accident.

Based upon the jury's findings, the district court concluded that Campbell's contributory negligence barred him from recovery as a matter of Alabama state law and declined to enter the jury's award of $600,000 in dam-

---

\* Honorable C. Clyde Atkins, Senior U.S. District Judge for the Southern District of Florida, sitting by designation.

ages. The issue on appeal was whether the district court properly followed Alabama law in holding that contributory negligence bars recovery under Alabama Extended Manufacturer's Liability Doctrine. Because it appeared that the issue was unclear, we certified to the Supreme Court of Alabama the following question:

DOES CONTRIBUTORY NEGLIGENCE BAR RECOVERY IN AN ALABAMA EXTENDED MANUFACTURER'S LIABILITY DOCTRINE CASE IF A PROXIMATE CAUSE OF THE ACCIDENT WAS THE UNREASONABLY DANGEROUS CONDITION OF THE PRODUCT, BUT A CONTRIBUTING PROXIMATE CAUSE OF THE ACCIDENT WAS THE PLAINTIFF'S FAILURE TO USE REASONABLE CARE TO AVOID INJURY TO HIMSELF?

*Campbell v. Cutler Hammer, Inc.,* 996 F.2d 1164 (11th Cir.1993).

Although three justices dissented, and one concurred in the answer to the question but dissented in part, the Supreme Court of Alabama has answered this question in the affirmative. *Campbell v. Cutler Hammer, Inc.,* [Ms. 1921691, Aug. 12, 1994], —— So.2d ——, 1994 WL 421606 (Ala.1994), citing *General Motors Corp. v. Saint,* [Ms. 1920328, Aug. 12, 1994] —— So.2d ——, 1994 WL 421602 (Ala. 1994).

The district court thus properly discerned that the jury's finding, that plaintiff's negligence was a contributing proximate cause of the accident, barred his recovery as a matter of law. The district court therefore correctly declined to enter judgment for plaintiff on the jury's $600,000 damage award, and entered judgment for the defendant.

AFFIRMED.